No. 478 July 3, 2024 663

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JEFFREY DAVID BOONE,
aka Jeffery David Boone, aka Jeffrey Boone,
*Defendant-Appellant.*

Multnomah County Circuit Court
18CR10630; A179968

Andrew M. Lavin, Judge.

Submitted May 14, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals a judgment of conviction for unauthorized use of a vehicle and possession of a stolen vehicle. He raises three assignments of error. In the first assignment, he argues that the trial court erroneously denied his motion to suppress evidence that was the product of his unlawful arrest. In his second and third assignments of error, defendant contends that the trial court erred by denying his motions for judgment of acquittal (MJOA) on each of the charges of which he was convicted.[1] The state responds that the arresting officer had probable cause to arrest defendant, and that there was sufficient evidence at trial to satisfy the MJOA standard. We affirm.

We review the denial of a motion to suppress for errors of law and are bound by the trial court's findings of historical fact if they are supported by constitutionally sufficient evidence. *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993). We have reviewed the record, and we conclude that the trial court did not err when it determined that the officer had probable cause to arrest defendant and thus correctly denied the motion to suppress as to the evidence that was connected with that arrest.

The trial court found that the officer had knowledge of the following facts at the time of the arrest. The car owners reported the car stolen. Within hours, the car was seen and reported to police. When an officer arrived, there was only one person associated with the car—defendant. The security guard who had spotted the car and called police, Calhoun, told the officer that defendant had been in the car, and defendant remained by the car talking with Calhoun. There was nothing to indicate that any other person was associated with the car. The officer could draw a reasonable inference that defendant had been the driver of the car. Under those circumstances, the officer had probable cause that defendant was the person who had stolen the vehicle, or based on the timing, that he was otherwise closely associated with the theft, and he would therefore have known that the car was stolen. We affirm on defendant's first assignment of error.

---

[1] Defendant was acquitted of first-degree burglary.

Turning to defendant's second and third assign-ments of error, "we review the trial court's denial of a motion for judgment of acquittal to determine whether, * * * viewing the facts in the light most favorable to the state, a rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt." *State v. Ritter*, 280 Or App 281, 286, 380 P3d 1160 (2016).

In accordance with that standard, we conclude that the record contains ample additional evidence—including evidence that defendant was carrying the victim's personal property and was seen driving the car approximately 30 minutes after it was reported stolen—from which a fact-finder could find the elements of the offenses beyond a rea-sonable doubt. In light of that evidence, a rational trier of fact could infer that defendant knew the vehicle was stolen. Thus, the trial court did not err when it denied defendant's MJOAs on the unauthorized use of a vehicle and the posses-sion of a stolen vehicle charges. We therefore affirm on the second and third assignments of error.

Affirmed.